Per Curiam.

The question to be determined in this appeal is whether, under Section 119.12, Revised Code, appellant may appeal from the order of the State Medical Board to the Common Pleas Court of Cuyahoga County, or whether, as held below, such appeal must be taken to the Common Pleas Court of Franklin County.
The pertinent portions of Section 119.12, Revised Code, read as follows:
“Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, 'or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal from the order of the agency to the Court of Common Pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the Board of Liquor Control shall be to the Court of Common Pleas of Franklin County only. If any such party is not a resident of and has no place of business in Ohio, he may appeal to the Court of Common Pleas of Franklin County.
“Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County.”
*522 This section contemplates an appeal from four specific types of adjudication: (1) denial to an applicant of admission to an examination; (2) denial of the issuance or renewal of a license; (3) denial of.the registration of a licensee; and (4) revocation or suspension of a license.
Although the relief sought by the appellant is somewhat obscure, an obscurity that is increased rather than decreased by his assignments of error in the Common Pleas Court, it can logically be interpreted only as an application either for the issuance of a license or for the renewal of one. In any event, such relief as he seeks must fall within one of these four types of adjudication.
It is contended by the board, and apparently it was the view of the courts below, that, since the provision for appeal to the Common Pleas Court of the county of residence or place of business applies only to a “licensee” and since appellant is not a “licensee,” his appeal lies only to the Common Pleas Court of Franklin County.
Such a narrow interpretation of the statute gives meaning only to an appeal from (3)- and (4) as set out above and completely ignores an appeal from (1) and (2) anywhere except in Franklin County. In our opinion, it is not reasonable to assume that the General Assembly intended to so divide the venue for appeals under the statute.
Obviously one who has been denied admission to an examination is not a “licensee.” Neither is one who has been denied the issuance of a license. Yet the statute plainly contemplates an appeal by “any party adversely affected,” whether he be merely seeking the status of a “licensee” or whether he has already attained that status.
The statute, in order to give meaning to all its provisions, must be interpreted as if the word, “licensee,” is interchangeable with the words, “such party,” where it relates to place of business or residence.
It follows that the Court of Common Pleas of Cuyahoga County has jurisdiction to hear appellant’s appeal, and the cause should be remanded to that court for that purpose.
The judgment of the Court of Appeals is, therefore, re *523 versed, and the cause is remanded to, the Court of Common Pleas of Cuyahoga County.

Judgment reversed.

Stewart, Taet, Bell and Herbert, JJ., concur.